United States District Court
for the
Southern District of Florida

Candace Hardy, Plaintiff,)
)
v.)
) Civil Action No. 17-22315-Civ-Scola
)
Bed Bath & Beyond, Inc.,)
Defendant.)

## Order Granting Motion to Dismiss

Plaintiff Candace Hardy complains Defendant Bed Bath & Beyond, Inc., sold her pillowcases that BB&B misrepresented as containing 100 percent pima cotton. Hardy claims the pillowcases contain only 2 percent pima cotton. Based on this misrepresentation, Hardy seeks relief: (1) based on BB&B's violation of the Florida Deceptive and Unfair Trade Practices Act; and (2) in the form of a declaratory judgment. In response, BB&B contends Hardy's complaint should be dismissed because: (1) Hardy lacks standing; and (2) she fails to state a claim for either FDUTPA or declaratory relief. Because the Court finds Hardy has not sufficiently alleged standing, it **grants** BB&B's motion (**ECF No. 17**) and in doing so declines to fully address BB&B's other arguments at this time.

1. **Legal Standard**

Because the question of Article III standing implicates subject-matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue." *Id.* (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected

interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same). The actual or imminent injury component requires a showing of "a harm that is both concrete and actual or imminent, not conjectural or hypothetical." *Vt. Agency*, 529 U.S. at 771.

## 2. Hardy's complaint fails to sufficiently allege standing to bring a FDUTPA claim.

Hardy has alleged: (1) she purchased pillowcases that were represented to contain 100 percent pima cotton; (2) the pillowcases contained only 2 percent pima cotton; and (3) she suffered damages as a result of this misrepresentation. Specifically, Hardy contends she did not receive the premium product she thought she was purchasing but instead received something of inferior quality and therefore did not obtain the benefit of her bargain. Had Hardy's complaint stopped here, her allegations would likely suffice to allege an injury in fact sufficient to satisfy the third element required to establish standing. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1353 (S.D. Fla. 2012) (Cohn, J.) (citing *Cardenas v. NBTY, Inc.,* 870 F. Supp. 2d 984, 990–91 (E.D. Cal. 2012) (finding Article III standing where plaintiff alleged she relied on representations on packaging of product and that she lost money on the ineffective product).

However, Hardy attached to her complaint the billing documentation associated with her purchase. (Compl. Ex. 3, ECF No. 14-3.) Part of this paperwork includes BB&B's return instructions which states BB&B "gladly accept[s] returns or exchanges at any of [its] stores or by mail." (*Id.* at 3.) There are no restrictions stated in the instructions for returns, but BB&B asks customers to indicate why they are returning the item. (*Id.*) Among the possible reasons a customer can choose from is that the "[i]tem is not as described/pictured." (*Id.* (additionally, a customer can also choose "Other" in the event that the reason for the return doesn't fit any other of the specified categories).) The only injury Hardy claims to have actually suffered is the outlay of funds for a product she did not actually receive: as she sets forth in her response to BB&B's motion, her damages are the result of her having "part[ed] with money to purchase a misbranded product." (Pl.'s Resp., ECF No. 22, 7.) But BB&B, according to the very exhibit Hardy herself attached to her complaint, made a pre-litigation refund offer for complete relief for the only damages Hardy alleges.

"[T]he clear intent of [FDUPTA] as expressed by its plain language is to provide both equitable and legal remedies to private consumers who are *aggrieved parties* and/or *sustained actual losses* because of [] violations(s) under FDUPTA." *Martinez v. Rick Case Cars, Inc.*, 278 F. Supp. 2d 1371, 1373 (S.D. Fla. 2003) (Seitz, J.) (quoting *Macias v. HBC of Fla., Inc.,* 694 So.2d 88, 90 (Fla. 3d DCA 1997) (emphasis added). Because, according to her complaint, Hardy could have received a full refund, the only injury she actually alleges was essentially mooted. *See Hamilton v. Gen. Mills, Inc.*, No. 6:16-CV-382-MC, 2016 WL 4060310, at *5 (D. Or. July 27, 2016) (finding plaintiff's injury mooted by the company's refund offer); *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1137 (D. Minn. 2016) (noting cases that stand for the general proposition: "when a defendant offers a plaintiff a full refund for all of its alleged loss prior to the commencement of litigation, this refund offer deprives the plaintiff of Article III standing because the plaintiff cannot establish an injury in fact").

In her first count, Hardy alleges violations of FDUTPA's Florida Statutes §§ 501.201 through 501.213. In this count, Hardy seeks monetary damages as well declaratory and injunctive relief. Although combined into one count, these allegations implicate two separate paragraphs of FDUTPA, each of which calls for a separate analysis. In seeking monetary damages, a plaintiff much show that she has "suffered a loss." Fla. Stat. § 501.211(2). In seeking declaratory or injunctive relief, on the other hand, a plaintiff must establish only that she has been "aggrieved." Fla. Stat. § 501.211(1). Because the only injury Hardy actually alleges[1] was mooted by BB&B's pre-litigation offer of a full refund, Hardy has not sufficiently alleged that she either "suffered a loss" or was "aggrieved." Because of this, the Court does not find she has cognizably alleged "a harm that is both concrete and actual or imminent, not conjectural or hypothetical." *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). As such, she has failed to establish Article III standing to proceed under FDUTPA.

Hardy argues that the proper inquiry for standing to assert a claim for injunctive relief under FDUTPA is whether "the consuming public at large will purchase th[e] falsely labeled products." (Pl.'s Resp. at 10.) This is contrary to the plain language of FDUTPA, permitting only someone who is "aggrieved by a

---

[1] While Hardy alleges concerns that she or her family members could suffer an allergic reaction when coming into contact with the pillowcases, she does not allege that anyone actually did so. This concern, then, is far too speculative to be considered an injury that would establish Article III standing. *Vermont Agency*, 529 U.S. at 771 (an injury in fact must not be "conjectural or hypothetical").

violation" of the statute to proceed with a suit for declaratory or injunctive relief. And although the Court agrees with Hardy that FDUTPA "is designed to protect not only the rights of litigants, but also the rights of the consuming public at large," this does not mean that Hardy is not required to otherwise establish Article III standing. (Pl.'s Resp. at 10 (quoting *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1057 (S.D. Fla. 2009) (Altonaga, J.)).) Hardy's argument in this regard is unavailing.

### 3. Hardy's complaint fails to sufficiently allege standing to proceed with her declaratory-judgment count.

In her second count, Hardy seeks declaratory judgments under the Federal Declaratory Judgments Act, the Textile Fiber Products Identification Act, and, again, FDUTPA. BB&B, in its motion to dismiss, argues Hardy lacks standing to seek any declaratory relief because she has not alleged any possibility, never mind likelihood, of future injury. In response, Hardy addresses only her standing to seek a declaratory judgment under FDUTPA. As the Court has already found, above, Hardy has failed to allege standing to pursue her claim for declaratory relief under FDUTPA.

With respect to Hardy's claim for relief under the Federal Declaratory Judgments Act, "a plaintiff must prove not only an injury, but also a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement." *Barry v. Carnival Corp.*, 424 F. Supp. 2d 1354, 1356–57 (S.D. Fla. 2006), *aff'd,* 257 F. App'x 224 (11th Cir. 2007) (Moore, J.) (quoting *Koziara v. City of Casselberry,* 392 F.3d 1302, 1305 (11th Cir. 2004)). Hardy has not presented any allegations that she herself faces any real and immediate threat of future injury. Regarding her attempt to bring a claim for a declaratory judgment under the TFPIA, that Act "does not provide for a private right of action." *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13 CIV. 1725 LGS, 2013 WL 3835191, at *4 (S.D.N.Y. July 25, 2013) (citing *Laplein Corp. v. Hi–Top Trading Corp.,* No. 90 Civ. 1536, 1990 WL 144956 (S.D.N.Y. Sept. 26, 1990) ("[A]n action between private parties … is not the proper forum for enforcing the Textiles Fiber Products Identification Act.")). Ultimately, Hardy has failed to establish her standing to pursue her claims for a declaratory judgment.

### 4. Conclusion

Hardy has failed to implicate this Court's subject-matter jurisdiction because she has not adequately alleged standing to proceed on either count one or two. The Court thus **grants** BB&B's motion to dismiss Hardy's amended complaint (**ECF No. 17**). If Hardy's wishes to attempt to correct the standing

deficiencies outlined above, she may file a second amended complaint with respect to her claims under section 501.211(1) (but *not* section 510.211(2)) of FDUTPA or the Federal Declaratory Judgments Act. However, any attempt to amend her claim for declaratory relief under the TFPIA or for actual damages under Florida Statutes section 501.211(2) would be futile and therefore those claims are dismissed **with prejudice**.

Because the Court finds Hardy has failed to carry her burden of establishing subject-matter jurisdiction, it declines to fully opine on BB&B's argument that Hardy has also failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court notes, however, that BB&B's concerns regarding Hardy's claims for restitution and disgorgement appear, on a preliminary peek, meritorious. Hardy is thus cautioned to address this and any other flaws in her complaint should she choose to amend in an effort to address her jurisdictional defects.

Lastly, because the Court has granted BB&B's motion to dismiss and has doubts about Hardy's ability to sufficiently allege standing in an amended pleading, the Court **grants** BB&B's motion to stay discovery (**ECF No. 35**). If Hardy wishes to file a second amended complaint, she must do so on before **March 22, 2018**. BB&B must thereafter respond to any amended complaint within **fourteen days** of its filing. If BB&B responds with an answer to the complaint, the parties must file a joint motion asking the Court to lift the stay along with a proposed amended scheduling order within **seven days** of the answer's filing. If BB&B instead responds with another motion to dismiss, Hardy must file a motion asking the Court to either lift or continue the stay within **seven days** of the motion's filing. Because the Court has granted a stay in this case, the Court **denies as moot** BB&B's motion for an enlargement of time to respond to discovery (**ECF No. 36**). Finally, because the Court has dismissed Hardy's second amended complaint, BB&B's motion to deny class certification or, alternatively, for a rule 23(d)(1)(D) order (**ECF No. 20**) is also **denied as moot**.

**Done and ordered**, at Miami, Florida, on March 9, 2018.

_____
Robert N. Scola, Jr.
United States District Judge